# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 11-cv-02329-REB-CBS

SAMPSON CONSTRUCTION CO., INC., a Nebraska corporation,

    Plaintiff,

v.

QUALITY ELECTRIC, INC., a Colorado corporation,

    Defendant.

## ORDER DENYING WITHOUT PREJUDICE
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**Blackburn, J**.

The matter before me is plaintiff's **Motion for Default Judgment** [#10][1] filed November 11, 2011. I deny the motion without prejudice.

On September 13, 2011, the defendant, Quality Electric, Inc., was served with a copy of the summons and complaint. Defendant failed to answer or otherwise respond to the complaint within the time permitted by law, and, thus, has admitted the factual allegations of the complaint other than those relating to damages. *See* **FED. R. CIV. P**. 8(d); *see also Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996). Entry of default pursuant to Fed. R. Civ. P. 55(a) was made by the clerk of the court on October 19, 2011, [#7].

Plaintiff now seeks a default judgment against defendant. However, its motion

---

[1] "[#10]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

fails to apprise the court about how the facts set forth in the complaint, and now admitted by defendant's failure to answer or otherwise appear in this action, prove up any of its three common law claims for relief. I decline plaintiff's implicit invitation to divine the legal basis for a judgment in its favor. Thus, the motion must be denied without prejudice.[2]

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion for Default Judgment** [#10] filed November 11, 2011, is **DENIED WITHOUT PREJUDICE**.

Dated January 24, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] Plaintiff is advised further that, if it is entitled to costs under Fed. R. Civ. P. 54(d)(1), such costs are recoverable only in the time and manner prescribed by D.C.COLO.LCivR 54.1.