**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02329-REB-CBS

SAMPSON CONSTRUCTION CO., INC., a Nebraska corporation,

    Plaintiff,

v.

QUALITY ELECTRIC, INC., a Colorado corporation,

    Defendant.

## ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT

**Blackburn, J.**

    The matter before me is **Plaintiff's Second Motion for Default Judgment** [#12][1] filed February 28, 2012.  I grant the motion.

    I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).  Plaintiff duly served defendant, Quality Electric, Inc., in accordance with Fed. R. Civ. P. 4(h)(1).  (***See*** [#5] filed September 27, 2011.)  Defendant failed to answer or otherwise respond within the time permitted by law, and thus has admitted the factual allegations of the complaint other than those relating to damages.  **See FED. R. CIV. P**. 8(d); ***see also Burlington Northern Railroad Co. v. Huddleston***, 94 F.3d 1413, 1415 (10th Cir. 1996); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 58-59 (3rd ed. 1998).

---

[1]  "[#12]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

The complaint alleges that plaintiff, as general contractor, subcontracted with defendant for electrical work to be performed on a contract which plaintiff had been awarded by the United States Departments of the Army and the Air Force.  While plaintiff substantially performed its obligations, defendant materially breached the contract by failing to perform certain specifications of the contract in a workmanlike manner and by abandoning the project prior to completion.  In addition, defendant failed to pay for all materials furnished and all work and labor performed in connection with and as required by the subcontract.  The subcontract includes an indemnification provision entitling plaintiff all costs, damages, and expenses incurred in the event of a material breach.  In addition, by virtue of its default, defendant admits that it made representations to plaintiff in order to induce it to enter into the contract without benefit of performance or payment bonds.

Plaintiff thus brought claims for breach of contract, indemnification, and negligent misrepresentation against defendant.  The averments of fact in the complaint are sufficient to establish the elements of a breach of contract claim under Colorado law, that is, the existence of a contract, performance by plaintiff, failure to perform by defendant, and resulting damages to plaintiff.  ***Western Distributing Co. v. Diodosio***, 841 P.2d 1053, 1058 (Colo. 1992).  In addition, the provisions of the contract itself are sufficient to support the indemnity claim.  ***See Boulder Plaza Residential, LLC v. Summit Flooring, LLC***, 198 P.3d 1217, 1221 (Colo. App. 2008) ( "An indemnity agreement is subject to the same rules of construction that govern contracts generally.") (citation and internal quotation marks omitted).

With respect to the amount of damages, plaintiff acknowledges that its damages are the same under any of its three claims. "In a breach of contract action, the objective is to place the injured party in the position it would have been in but for the breach." *Kaiser v. Market Square Discount Liquors, Inc.*, 992 P.2d 636, 640 (Colo. App. 1999). Plaintiff here seeks damages in the form of the amount paid to complete defendant's contract work plus the amount paid to defendant's employees, subcontractors, and suppliers who were not paid for work performed by defendant, less the positive subcontract balance which existed at the time of defendant's abandonment of the project. As shown by the affidavit appended to plaintiff's motion, that amount totals $616,660.42. (**Motion App.**, Exh. A ¶¶ 3-10 at 2-3.) I find and conclude that plaintiff is entitled to this amount as damages, plus post-judgment interest as allowed by law, for defendant's breach of contract pursuant to Fed. R. Civ. P. 55(b)(1).

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Second Motion for Default Judgment** [#12] filed February 28, 2012, is **GRANTED**;

2. That default judgment **SHALL ENTER** on behalf of plaintiff Sampson Construction Co, Inc., a Nebraska corporation, against defendant Quality Electric, Inc., a Colorado corporation, as to plaintiff's claim for damages for breach of contract; provided, that the judgment shall be with prejudice;

3. That plaintiff is **AWARDED** damages against defendant in the amount of $616,660.42;

    4.  That plaintiff is **AWARDED** post-judgment interest as provided by 28 U.S.C. § 1961, on the principal amount set forth in paragraph 3 above, from the date of this order until the judgment is paid in full; and

    5.  That plaintiff is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

    Dated May 25, 2012, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge